831 F.2d 190
 Richard E. KELLEY and Eugene M. Kelley, Plaintiffs-Appellants,
v.
Anthony J. CALIO, as Administrator, National Oceanic and
Atmospheric Administration, United States of
America, Defendant-Appellee.
 No. 86-2675.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Aug. 31, 1987.*
Decided Oct. 28, 1987.
 
 Robert C. Petersen, Fort Bragg, Cal., for plaintiffs-appellants.
 Stephen A. Shefler, San Francisco, Cal., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before FLETCHER, REINHARDT and BRUNETTI, Circuit Judges.
 REINHARDT, Circuit Judge:
 
 
 1
 Appellants' request for a hearing before the National Oceanic and Atmospheric Administration was dismissed by an administrative law judge because they failed to file in a timely manner a document setting forth their preliminary position. The dismissal was affirmed by the agency's administrator and by the district court. We reverse.
 
 I.
 
 2
 In an administrative proceeding initiated March 27, 1985, the National Oceanic and Atmospheric Administration ("NOAA") alleged that Richard E. Kelley and Eugene M. Kelley violated regulations implementing the Magnuson Fishery Conservation and Management Act. See 16 U.S.C.A. Sec. 1857(1)(A) (1985); 50 C.F.R. Sec. 663.22 (1986); 49 Fed.Reg. 597, 600 (1984). After receiving a notice of violation with a proposed penalty of $16,000, the Kelleys filed a written request for a hearing.
 
 
 3
 The Administrative Law Judge sent the Kelleys and the Government a Notice and Order directing both parties to submit a "Preliminary Position on Issues and Procedures" on or before May 31, 1985. The Notice and Order also included the following:
 
 
 4
 Failure to comply with the above Order by the stated date will result in dismissal of the proceeding from the hearing docket with prejudice, unless within 10 days of such date, the Respondent shows good cause why its failure to furnish the requested information should not be considered as a withdrawal of the request for hearing.
 
 
 5
 On May 31, 1985, the Government filed its Preliminary Position. On June 5, 1985, five days after the deadline set by the Notice and Order, the Kelleys sent their Preliminary Position to the ALJ by mail. The document was accompanied by a letter in which the Kelleys' counsel attempted to explain the lateness of the filing and which "respectfully requested that leave to file the enclosed be granted." The ALJ's office marked the letter "Received June 7, 1985", well within the ten-day period.
 
 
 6
 In an order signed June 7, 1985, the ALJ dismissed the Kelleys' request for a hearing. The order included the following language:
 
 
 7
 The undersigned is reluctant to dismiss the Respondents' case from the hearing docket, without an evidentiary hearing as authorized by the law and regulations. However, as here, where a party fails or refuses to make necessary timely responses to an Order there is no alternative.
 
 
 8
 The effect of the order was to make the proposed $16,000 penalty effective without further proceedings. Subsequently, the ALJ wrote "Denied June 10, 1985" on the Kelleys' letter and signed his name, apparently indicating his denial on that date of the request to file the petition late.
 
 
 9
 The Kelleys petitioned Anthony Calio, Acting Administrator of the NOAA, for review of the ALJ's decision dismissing the request for a hearing. The Administrator has discretion to review ALJ decisions if the petitioner can show either that an important issue is involved or that there was a clear legal, factual, or procedural error in the proceedings below. 15 C.F.R. Sec. 904.272 (1987). The Kelleys alleged that the ALJ's dismissal of the case less than ten days after the deadline constituted "prejudicial procedural error" in light of the Kelleys' subsequent assertion of "good cause" within the ten-day period. See 15 C.F.R. Sec. 904.272(c)(4).
 
 
 10
 On July 22, 1985, the Administrator denied the Kelleys' petition and affirmed the ALJ's decision. The Administrator held that "[r]espondents' counsel's excuses" did not constitute a ground for review. On appeal, the district court granted the Government's motion for summary judgment, stating that "[it had] determined that the administrative dismissal was not an abuse of discretion."
 
 II.
 
 11
 According to the ALJ's own Notice and Order, an untimely filing will not result in dismissal unless within ten days of the filing deadline the party fails to offer "good cause" for the lateness of the filing. Therefore, a case cannot be dismissed until this ten-day "explanation period" is over. At the very least, if a party who seeks to file late submits an explanation for the lateness of the filing within the ten-day period, the ALJ cannot dismiss the case without determining whether the proffered explanation constitutes "good cause".
 
 
 12
 It is the duty of a reviewing court to ensure that an agency follows its own procedural rules. See, e.g., Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 417-19, 91 S.Ct. 814, 824-25, 28 L.Ed.2d 136 (1971). In the present case, it is clear the rules were not followed. The ALJ's order dismissing the request for a hearing was dated June 7, 1985, only seven days after the filing deadline. The order does not refer to the Kelleys' belated submission or the letter accompanying that submission, both of which were received on the same day the order was issued. Significantly, the order does not refer to the "good cause" standard or to the issue of whether the Kelleys' request for hearing should be deemed withdrawn.[1] In fact, contrary to the agency's contention, the record does not reflect that the ALJ ever decided whether the explanation of the Kelleys' counsel constituted "good cause". He simply wrote "denied" on the letter three days after issuing his order of dismissal. The notation is at best ambiguous and does not provide a sufficient basis for upholding the agency's decision. "Denied" may have indicated only that the Kelleys' request was rejected because the case had already been dismissed.[2]
 
 
 13
 For the reasons given above, we reverse the summary order and remand the case to the district court, with instructions to remand to the NOAA so that the Administrative Law Judge may consider whether the June 5 letter from the Kelleys, or any other material the judge may now accept, constitutes "good cause", why the request for hearing should not be deemed withdrawn. In light of his earlier expressed "reluctan[ce] to dismiss the Respondents' case from the hearing docket, without an evidentiary hearing", we are confident that upon remand the ALJ will give full consideration to the Kelleys' contentions.[3]
 
 
 14
 REVERSED AND REMANDED.
 
 
 
 *
 The panel is unanimously of the opinion that oral argument is not required in this case. Fed.R.App.P. 34(a)
 
 
 [1]
 In his June 7 Order issued three days before he marked "denied" on the letter of explanation, the ALJ stated that he was "reluctant to dismiss the Respondents' case", but "where a party fails or refuses to make necessary timely responses to an Order there is no alternative." The answer to this is that there were alternatives, two alternatives. First, the ALJ could have (and, indeed, according to the agency's own Notice and Order, should have) waited the full ten days after the deadline to allow the Kelleys to offer a justification for a belated filing. Second, an ALJ "may issue an order to show cause why the case should not be dismissed." 15 C.F.R. Sec. 904.226 (1987). In any event, an ALJ must consider any claim of "good cause" if that claim is presented during the ten days following the original filing deadline
 
 
 [2]
 The agency does not argue that the Administrator's review cured the error committed by the ALJ. Thus we do not consider that issue here. We note, however, that the Administrator's comments regarding "respondents' counsel's excuses" appear to be directed toward appellants' review rights and not to the question of the "good cause" required to avoid a dismissal when a party makes a timely effort to explain his reasons for not filing within the original time period. Any doubt as to this point is removed by the Administrator's reliance on In re Noyo Pride, 4 Ocean Res. & Wildlife Rep. 278 (NOAA App.1985), which clearly distinguished between timely requests not to dismiss a proceeding and other proceedings, such as motions to vacate a dismissal. It is also clear that here no question exists as to the timeliness of the petition for review
 
 
 [3]
 We note that in this case the decisions of the agency are incomplete and ambiguous. They do not permit us to make an adequate review of the legality of the agency's actions. While we could simply ask the ALJ to give us a fuller explanation of the actions he has previously taken, the possibility that doing so would lead to further wasteful consumption of judicial and administrative time is sufficiently strong that we think it best to order a remand that will permit the ALJ to consider the June 5th request on its merits. By doing so, we ensure that he will exercise the discretion that the record strongly suggests he failed to exercise previously